IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREENBERG TRAURIG, LLP,<br>MetLife Building<br>200 Park Avenue<br>New York, NY 10166<br><br>   Plaintiff,<br><br> - against -<br><br>THE INTERNATIONAL ORDER OF ST.<br>HUBERTUS – USA CHAPTER, INC.,<br>2100 M St., N.W., Suite 170-288,<br>Washington, DC 20037<br><br> - and -<br><br>THE INTERNATIONAL ORDER OF ST.<br>HUBERTUS, UNITED STATES OF<br>AMERICA, INC.,<br>510 W. Plumb Street Suite A<br>Reno, NV 89509<br><br>   Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR INTERPLEADER<br>AND DECLARATORY RELIEF** |

**COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF**

  Plaintiff, Greenberg Traurig, LLP ("GT"), through undersigned counsel, hereby files this Complaint for Interpleader and Declaratory Relief and states as follows:

**I. PARTIES**

  1. GT is the Plaintiff and interpleading party, a law firm, and former counsel to non-party The International Order of St. Hubertus USA ("IOSH US Chapter").

  2. At the time of the engagement and through the course of GT's representation, non-party IOSH US Chapter maintained its principal place of business in California and operated

under the auspices of The International Order of St. Hubertus ("IOSH"), an unincorporated Austrian association.

3.  On information and belief, Defendant and claimant The International Order of St. Hubertus, United States of America, Inc. is a Nevada corporation ("IOSH-NV") with a principal place of business in California, incorporated after GT's engagement by IOSH US Chapter.

4.  On information and belief, Defendant and claimant The International Order of St. Hubertus – USA Chapter, Inc. is a Delaware corporation ("IOSH-DE") with a principal place of business in Washington, DC, incorporated after the conclusion of GT's representation of IOSH US Chapter.

5.  IOSH-NV and IOSH-DE are collectively referred to as "Defendants."

## II. JURISDICTION AND VENUE

6.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1335 because Plaintiff is in possession of a piece of property, IOSH US Chapter's former client file, worth in excess of $500, to which at least two claimants of diverse citizenship claim to be entitled. Plaintiff is willing to provide the former client file for deposit with the Court in whichever form the Court may deem proper. The total value of the former client file cannot be determined with certainty, but both the legal fees paid in connection with the original matter during which the file was created and the cost of producing the file, demonstrate with certainty that the file's value exceeds $500.

7.  This Court has personal jurisdiction over each of the defendants under 28 U.S.C. § 2361 which provides for nationwide service of process for statutory interpleader actions.

8.  Venue is proper pursuant to 28 U.S.C. § 1397 because IOSH-DE, one of the claimants, is located in this judicial district.

### III.     FACTUAL BACKGROUND

9. In early 2011, GT was retained by IOSH US Chapter to undertake certain limited matters related to trademark law.

10. Robert L. Puette executed GT's engagement letter on behalf of IOSH US Chapter, in his capacity as Grand Prior of IOSH US Chapter.

11. During the course of the representation, GT issued its invoices to and received payment from IOSH US Chapter.

12. GT performed its work on behalf of IOSH US Chapter, between approximately February 2011 and August 2013.

13. IOSH US Chapter is a former client of GT for whom the firm has assembled and currently holds a former client file (the "File").

14. Mr. Puette was and remained Grand Prior of IOSH US Chapter through the term of the GT representation.

15. On information and belief, in November 2013, after the conclusion of GT's representation of IOSH US Chapter, a dispute arose between Mr. Puette and IOSH.

16. On information and belief, in connection with the dispute, IOSH suspended or terminated Mr. Puette's standing as Grand Prior of IOSH US Chapter.

17. On information and belief, Mr. Puette in turn announced in November 2013 that he would operate the U.S. chapter of IOSH as a stand-alone organization.

18. On information and belief, Mr. Puette is President of Defendant and claimant IOSH-NV.

19. On information and belief, IOSH itself has established a new U.S. entity through which it is operating in the United States, Defendant and claimant IOSH-DE.

20. A dispute has arisen between IOSH-NV and IOSH-DE as to which of IOSH-NV and IOSH-DE is the rightful successor to IOSH US Chapter, which of the two is the legal successor to GT's former client, and thus, which is the rightful claimant of the File.

21. IOSH-NV and IOSH, on behalf of IOSH-DE, both have demanded GT's File.

22. GT cannot resolve the legal dispute as to which entity, if either, is the rightful successor to its former client, IOSH US Chapter.

23. GT is neutral as to which entity is the rightful successor to IOSH US Chapter and the rightful recipient of the File.

24. GT files this interpleader action in good faith and without any collusion with any of the parties hereto.

## IV.   COUNT ONE:
## DECLARATORY RELIEF AGAINST ALL DEFENDANTS

25. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above, as if set forth fully herein.

26. The Court may declare the rights and legal relations among parties when there is an actual controversy of sufficient immediacy, and where the Court possesses an independent basis for jurisdiction.

27. The case presents an actual controversy of sufficient immediacy because the Court's judgment is needed to determine the rightful owner of IOSH US Chapter's former client file and the two Defendants have both claimed the File.

28. The Court has an independent basis for jurisdiction under 28 U.S.C. § 1335.

29. In order to resolve this controversy, Plaintiff requests that this Court declare the respective rights and duties of Defendants in this matter by issuing a declaratory judgment on the following question: Who is the rightful claimant of the File?

30. GT itself takes no position as to how Defendants and the Court answer the above question and is prepared to transfer the File to whichever Defendant the Court determines is the rightful claimant of the File.

## V. REQUEST FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

A. Require Defendants to respond, interplead and settle between themselves their rights to the File;

B. Discharge Plaintiff from any and all liability in the matter and restrain each Defendant from instituting any action against Plaintiff for recovery of the File;

C. Declare the rightful claimant of the File;

D. Award Plaintiff prejudgment interest, as well as costs and fees incurred in connection with bringing this action, and all general and equitable relief; and

E. Award Plaintiff all other relief that the Court deems just and proper.

Dated: October 27, 2014

Respectfully submitted,

/s/ Gwendolyn Prothro Renigar
Gwendolyn Prothro Renigar, DC Bar #454849
grenigar@steptoe.com
Jim J. Petrila, DC Bar #1011291
jpetrila@steptoe.com
Steptoe & Johnson LLP
1330 Connecticut Ave, NW
Washington, DC 20036
Tel. 202-429-3000
Fax 202-429-3902

*Counsel for Greenberg Traurig, LLP*